UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL DOBSON | ) | Case No. 1:14-cv-05684-LTS |
| | ) | |
| Plaintiff, | ) | ECF CASE |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| MCS CLAIM SERVICES, INC., and | ) | |
| CREDIT BUREAU OF NAPA COUNTY, | ) | **Jury Trial Demanded** |
| INC. d/b/a CHASE RECEIVABLES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiff Carol Dobson ("Plaintiff") is a natural person who at all relevant times resided in the State of New York, County of New York, and City of New York.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant MCS Claim Services, Inc. ("MCS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.    MCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.    Defendant Credit Bureau of Napa County, Inc. d/b/a Chase Receivables ("Napa") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.    Napa is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

11.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

12.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## MCS

13.    In connection with the collection of the Debt, MCS sent Plaintiff initial written communication dated October 22, 2013, attached as Exhibit A.

14.     The October 22, 2013 purports to contain the notices required by 15 U.S.C. § 1692g, including:

> IN THE EVENT THE NAME OF THE CREDITOR IS DIFFERENT FROM THE ABOVE NAMED CREDITOR AND YOU REQUEST THE NAME OF THE ORIGINAL CREDITOR, THIS INFORMATION WILL BE SUPPLIED IF REQUESTED WITHIN 30 DAYS.

Exhibit A (emphasis in original).

15.     MCS's letter failed to notify Plaintiff that any request for the name and address of the original creditor must be *in writing*. *See* Exhibit A.

16.     On October 30, 2013, Plaintiff faxed MCS a written dispute of the Debt, attached as Exhibit B.

17.     In connection with the collection of the Debt, MCS sent Plaintiff additional written communication dated November 18, 2013, demanding Plaintiff mail payment in full "TODAY." *See* November 18, 2013 Letter, attached as Exhibit C.

18.     By demanding payment in full within the dispute period, MCS made statements inconsistent with, or that overshadowed, the notices required by 15 U.S.C. § 1692g(a).

19.     MCS's November 18, 2013 letter also contains a print-out that fails to provide verification of the Debt.

20.     MCS's November 18, 2013 letter falsely stated that Plaintiff did not respond to MCS's initial correspondence.

### Napa

21.     In an attempt to collect an alleged debt, Napa sent Plaintiff initial written correspondence for account CHR4487134, dated October 17, 2013 and attached as Exhibit D.

22.     The October 17, 2013 letter stated an "Amount Due" of $36.62. *Id.*

23.     In accordance with her rights under the FDCPA, Plaintiff sent Napa written communication, dated October 25, 2013, disputing Account CHR4487134. *See* October 25, 2013 Letter, attached as Exhibit E.

24.     In response to Plaintiff's October 25, 2013 written dispute, Napa sent Plaintiff written correspondence dated October 30, 2013, attached as Exhibit F, along with a number of billing statements (excluded for privacy reasons).

25.     Napa's October 30, 2013 letter referenced account number "CHR4403123-CHR4487134." *See* Exhibit F.

26.     By placing a hyphen between Account CHR4403123 and Account CHR4487134, Napa's October 30, 2013 letter is misleading to the consumer because it is unclear whether letter relates to only those two accounts, or additional accounts as well.

27.     Further, none of the billing statements reflected either account number.

28.     And the October 30, 2013 letter falsely represents the character, amount, and/or legal status of Account CHR4403123 and Account CHR4487134 because the alleged Amount Due of $198.35 is not proven by the alleged verification documents attached to the October 30, 2013 Correspondence, which when added together, equate to an Amount Due of $145.96.

29.     Thus, the October 30, 2013 fails to properly validate Account CHR4487134.

30.     In addition, the October 30, 2013 letter lists the "Date(s) of Service" as "9/25/12-12/5/12, 5/15/13-5/19/13". *See* Exhibit F.

31.     The "Date(s) of Service" section of the October 30, 2013 letter is misleading to the consumer because it is not clear on which dates, and on how many dates, the Debt refers to.

32.     The October 30, 2013 letter was also Napa's initial communication with Plaintiff regarding Account CHR4403123.

33.     Regarding Account CHR4403123, Napa failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) either in its initial communication with respect to that debt or in writing within five days thereafter.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## MCS

34.     Plaintiff repeats and re-alleges each and every factual allegation above.

35.     MCS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MCS violated 15 U.S.C. § 1692e;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(5)
## MCS

36.   Plaintiff repeats and re-alleges each and every factual allegation above.

37.   MCS violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey to Plaintiff that a request for the original creditor information must be made in writing, as provided in 15 U.S.C. § 1692g(a)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that MCS violated 15 U.S.C. § 1692g(a)(5);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)
## MCS

38.   Plaintiff repeats and re-alleges each and every factual allegation above.

39.     MCS violated 15 U.S.C. § 1692g(b) by making statements inconsistent with or that overshadow the disclosures required by 15 U.S.C. § 1692g(a), during the thirty-day dispute period.

40.     MCS violated 15 U.S.C. § 1692g(b) by continuing to attempt to collect the Debt from Plaintiff without first providing proper verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MCS violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**NAPA**

41.     Plaintiff repeats and re-alleges each and every factual allegation above.

42.     Napa violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Napa violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**NAPA**

43.     Plaintiff repeats and re-alleges each and every factual allegation above.

44.     Napa violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of alleged debts from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Napa violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)
## NAPA

45. Plaintiff repeats and re-alleges each and every factual allegation above.

46. Napa violated 15 U.S.C. § 1692g(a), with respect to Account CHR4403123, by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff with respect to that debt, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Napa violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(b)
## NAPA

47.    Plaintiff repeats and re-alleges each and every factual allegation above.

48.    Napa violated 15 U.S.C. § 1692g(b) by, after having received a written communication from Plaintiff disputing Account CHR4487134, continuing to attempt to collect the alleged debt without first mailing Plaintiff proper verification of the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Napa violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 18, 2014

Respectfully submitted,

_____

Alexander Bachuwa
NY Bar No. AB0519
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618

*Complaint*
*Page 10 of 11*

Mesa, AZ 85206
(888) 595-9111
(866) 317-2674 (fax)
tclg@consumerlawinfo.com
Attorneys for Plaintiff

*Complaint*
*Page 11 of 11*